### In re CERTIFIED CORPORATION, Debtor.

**Bankruptcy No. 85–00305.**

United States Bankruptcy Court, D. Hawaii.

July 17, 1985.

See also, Bkrtcy., 51 B.R. 768.

John A. Chanin, Honolulu, Hawaii, for debtor.

Anthony S. Chan, Honolulu, Hawaii, Herbert Katz, Los Angeles, Cal., for defendant.

## ORDER REGARDING PRELIMINARY HEARING ON MOTION FOR AUTHORIZATION FOR USE OF CASH COLLATERAL

JON J. CHINEN, Bankruptcy Judge.

On July 8, 1985, Certified Corporation, ("Debtor") filed a Motion for Authorization for Use of Cash Collateral. A hearing was held on July 10, 1985 at which time John A. Chanin and James Y. Agena appeared on behalf of the Debtor. Herbert Katz and Anthony Chan appeared on behalf of U.S. Bancorp Financial, Inc., ("U.S. Bancorp").

Michael Hong appeared on behalf of the Bank of Hawaii. Having considered the files and records in this case, the testimony of witnesses and the arguments of counsel, the Court makes the following findings:

1. The Court notes that one of the purposes of the Bankruptcy code is the rehabilitation, if possible, of a corporation which has sought relief under Chapter 11. In the case of the Debtor, the Court takes into consideration the Debtor's statement that it employs approximately 125 employees. These employees would be adversely affected by the failure of the Debtor to successfully reorganize. The legislative history explicitly provides that the purpose of business reorganization under Chapter 11 is to permit the debtor "to restructure a business' finances so that it may continue to operate, provide its employees with jobs, pay its creditors, and produce a return for stockholders." H.R.Rep. No. 595 at 22, 1978 U.S.Code Cong. & Ad.News 5787 at 6179; *In re American Mariner Industries, Inc.*, 734 F.2d 426, 431 (9th Cir.1984).

■ 2. On the other hand, the Court must also protect a secured creditor's collateral, which is being used by the Debtor since it is well established that the "bankruptcy power is subject to the Fifth Amendment's prohibition against taking of private property without compensation." *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 410, 74 L.Ed.2d 235 (1982). For this reason, if a creditor, who claims an interest in the cash collateral, objects to the use of cash collateral, the Court may only allow the debtor to use cash collateral after notice and hearing and upon providing adequate protection of the creditor's interest. *In re Sheehan*, 38 B.R. 859, 863 (Bankr.S.D.1984). In particular, 11 U.S.C. § 363(e) provides as follows:

Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or

lease as is necessary to provide adequate protection of such interest.

On July 9, 1985, U.S. Bancorp filed Objections to Motion for Use of Cash Collateral in which it requested an order prohibiting the use of cash collateral pursuant to Section 363.

3. The Debtor requests that it be allowed to use the cash collateral currently in its possession, or to be received into its possession through payment on accounts receivable, for the purchase and sale of inventory in the normal course of its business, and that of the estimated $100,000 worth of cash needed per day by the Debtor, approximately $90,000 is to be applied and used for the purchase of inventory and approximately $10,000 for operating and overhead expenses.

4. The Debtor acknowledged that it owed approximately $4,700,000.00 to U.S. Bancorp.

5. In addition, the Debtor and John F. Damore ("Damore"), an officer of the Debtor, offered the following as adequate protection for the use of U.S. Bancorp's cash collateral: inventory, accounts receivables, equipment, including certain motor vehicles, a lease of the Debtor's premises, the personal residence of Damore and interest in a holding company.

6. The Court found that, based upon the evidence presented, the value of these assets was approximately $5,000,000.00, which consists of $1,400,000.00 in inventory, $1,000,000.00 in accounts receivables, $500,000.00 in the lease for the premises, $700,000.00 in the interest in the holding company and between $400,000.00 and $600,000.00 in equipment, including certain motor vehicles.

7. The Court found a slight equity in the assets which secured the loan of U.S. Bancorp and found that there is a possibility, a reasonable likelihood, that the Debtor will prevail at the final hearing.

8. U.S. Bancorp informed the Court that it did not have liens up to the full value of these amounts.

Therefore, IT IS HEREBY ORDERED that:

1. Debtor shall immediately execute and deliver to U.S. Bancorp mortgages and any other necessary documents to provide U.S. Bancorp with lien and security interests on the full value of all assets offered by the Debtor to provide adequate protection to U.S. Bancorp.

2. U.S. Bancorp is entitled to retain a lien on the inventory purchased with the cash collateral and the subsequent proceeds from the accounts receivable generated by the sale of the inventory.

3. The Court authorizes the use of cash collateral up to the amount of $100,000 per day from July 10, 1985 through Monday, July 15, 1985 at 8:45 a.m. H.S.T., at which time there shall be conducted a final hearing with respect to the request for use of cash collateral.

4. U.S. Bancorp, as the secured creditor, is permitted to inspect the property of the Debtor during normal business hours and in a manner that does not interfere with the business operation of the Debtor.

5. Debtor shall file daily with U.S. Bancorp and with the court detailed reports reflecting the amount of cash collateral used for inventory and overhead expenses, the amount of money deposited with U.S. Bancorp and further details of the operation of its business and cash transactions.

6. U.S. Bancorp shall have a continuing lien in the cash collateral as contemplated by 11 U.S.C. Section 552.

7. The amounts collected by the Debtor since July 8, 1985, together with all subsequent amounts collected by the Debtor, from the sale of inventory for the payment of accounts receivable shall be forthwith deposited into U.S. Bancorp's bank account at Bank of Hawaii as provided in the Loan Agreement.

8. The Court wants better evidence as to the value of the different assets securing the loan to the secured creditor, U.S. Bancorp.

9. U.S. Bancorp's motions to lift the automatic stay and for the appointment of

a trustee shall be heard on July 15, 1985 at 8:45 a.m.